Massoumeh VOSOUGH–KIA, Appellant,

v.

DISTRICT DIRECTOR, UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, Appellee.

No. 71–1148.

United States Court of Appeals,
Ninth Circuit.

April 8, 1971.

**546**

Arthur D. Cohen, of Kwan, Cohen & Quan, Inc., Los Angeles, Cal., for appellant.

Robert L. Meyer, U. S. Atty., Frederick M. Brosio, Jr., Chief, Civil Division, Dzintra I. Janavs, Asst. U. S. Atty., Los Angeles, Cal., Joseph Surrack, Regional Counsel, I.N.S., San Pedro, Cal., Stephen Suffin, Atty., I.N.S., San Francisco, Cal., for appellee.

Before BARNES and HAMLEY, Circuit Judges.

PER CURIAM:

This is an appeal from a judgment of the United States District Court denying a petition for review under the Declaratory Judgment Act. Appellant was admitted as a non-immigrant visitor to the United States from October 29, 1969, to April 29, 1970. She asked for a change to non-immigrant *student* status from non-immigrant *visitor* status. The Immigration and Naturalization Service denied the application "as a matter of discretion," noting that the American Consul who issued the original visa had written under it "will not study."

An appeal to the Regional Commissioner was had, and dismissed (after argument), on the ground the discretion granted to the Attorney General had been exercised; and that it was controlling.

The District Court affirmed by Summary Judgment and we likewise affirm.

Two questions are presented. Did the appellee abuse his discretion in denying appellant's application for change of status? Did the District Court err in affirming the decision of the appellee? To both questions, the answer is no.

Appellant complains there was a total lack of any evidence to support a denial of change of status.

█ By 8 C.F.R. 248.2, any application for a change of status "shall be accompanied by documentary evidence that the applicant * * * is eligible for the change of classification being requested. * * * " This places a substantial burden of proof on the applicant.

While any such application must also show applicant has maintained her visitor status (8 C.F.R. 248.1), such status was not here questioned. Hence, that requirement is irrelevant to this appeal, and therefore the case appellant cites—Elizabeth Ho v. District Director, etc., 70–2435–IH, from the Central District of California—is not in point.

█ What the application must show to comply with 8 C.F.R. 248.2 is "documentary evidence," as required by 8 U.S. C. § 1101(a) (15) (F) (i)—i. e., that he or she * * * "*is a bona fide student, qualified to pursue a full course of study * * * at an established institution of learning,* etc."

The fact that "will not study" was marked upon appellant's visa is either a quotation of her statement made to the consular officer issuing her visitor's visa, or his conclusion based upon his knowledge of her good faith, her then position

in the community, and her capabilities as a student.

■ Appellant, without citation of authority, charges that the administrative decision denying change of status must specifically state all facts upon which the discretionary decision is based. The government asserts there is no such requirement.

As the trial judge pointed out, a 26-year-old "housewife" does not normally come to another country to begin a course of study, without evidence of some prior education. The District Court made findings on other factual issues demonstrating the failure of applicant to establish her eligibility for the "studies" she proposed to embark upon. (Second paragraph of Finding of Fact III, C.T. p. 19.) The record supports such findings.

The Judgment of the District Court is affirmed.